In this pro se tax refund suit plaintiff, an ordained minister, seeks summary judgment for the recovery of self-employment taxes paid during the years 1972 through 1974, and, in addition, a judgment that he is entitled to exemption from the self-employment tax as a minister. Defendant supports its cross-motion for summary judgment by noting plaintiff failed to file for an exemption from the self-employment tax provisions in a timely fashion; plaintiffs late attempt to do so, notwithstanding the erroneous advice plaintiff may have received from government personnel, is consequently barred. After consideration of the parties’ submissions, but without oral argument, we deny plaintiffs motion for summary judgment, grant defendant’s cross-motion and dismiss the petition.
Plaintiff was ordained in the Presbyterian Church on June 21, 1964, and was employed on a full time basis as an Assistant Pastor by the Session of the First Presbyterian Church, Atlanta, Georgia. Soon after his ordination, plaintiff, upon inquiry, was told by the Social Security office in Atlanta, Georgia, that since he was not self-employed he should continue to pay Social Security tax, and he did. As of August 1, 1972, plaintiff took a new full time position as Presbyterian Campus Minister at the University of Georgia, Athens, Georgia, and from that date has paid self-employment tax. In the fall of 1972 plaintiffs wife asked the Social Security office in Athens whether he was exempt from Social Security tax and was told it was too late for plaintiff to claim his exemption from the tax provisions. It was not until the fall of 1975 that plaintiff personally visited the Social Security office in Athens and *693 was directed to the IRS office in Athens. The Athens IRS office in turn directed plaintiff to the Atlanta IRS office. During his visit to the Atlanta IRS office on January 12, 1976, plaintiff was told to file Form 4361, Application for Exemption From Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners, which he did on that date. The IRS promptly disapproved his application, January 21, 1976, because it was not timely filed pursuant to the Internal Revenue Code, section 1402(e)(2). Plaintiff filed a claim for refund which was denied and sued in this court March 7, 1978, seeking refund of the self-employment taxes he paid for the years 1972 through 1974 totaling $1,887.74 and approval of his exemption application.
The position of defendant is that pursuant to section 1402(e)(2) plaintiff was required to file his exemption application, Form 4361, before the due date for filing the tax return for the second taxable year ending after 1967, i.e., April 15,1970. Plaintiff argues he was not actually self-employed within the statute’s provisions until August 1, 1972, and so he would have at least until April 15, 1974, to file his exemption. The only reason he failed to do so was because he was wrongly advised by Social Security and IRS personnel. The erroneous advice of the government, plaintiff argues, should excuse his late filing. While we sympathize with plaintiffs predicament, both his arguments are, as a matter of law, incorrect.
The self-employment tax provisions embodied in I.R.C. §1402, together with the F.I.C.A. exclusion for services performed by a minister in the exercise of his ministry in I.R.C. §3121(b)(8)(A) provide an integrated scheme' for exemption and exclusion from Social Security tax. First, "service performed by a duly ordained, commissioned, or licensed minister of a church in the exercise of his ministry * * *” is excluded from the definition of "employment” in the F.I.C.A. provisions, I.R.C. §3121(b)(8)(A). By this device the minister-church relationship is excluded from the employment context thereby exempting churches (and, as far as it goes, ministers) from F.I.C.A. tax. "Congress chose not to place the onus of participation on the old-age and survivors insurance program upon the churches, but to permit ministers to be covered on an individual election *694 basis, as self-employed, whether, in fact, they were employees or actually self-employed.” Orville B. and Martha J. Silvey, T.C.M. (P-H) ¶76.401 (1976) (vol. 45).
Ministers, in their individual capacities as such, are governed by the provisions of I.R.C. §1402. Ordained ministers, when performing services in the exercise of their ministry, are deemed to be self-employed and hence subject to self-employment tax. Of course they cannot be "employees” for F.I.C.A. purposes because of section 3121(b)(8)(A)’s exclusion. Ordained ministers may obtain an exemption from self-employment tax but only by timely filing an exemption application pursuant to section 1402(e), otherwise they are subject to self-employment tax.
For these reasons plaintiffs arguments pertaining to the specific nature of his employment relationships are beside the point. So long as plaintiff was an ordained minister performing services in the exercise of his ministry he could not be an "employee” because of the exclusion of section 3121(b)(8)(A). He was, however, self-employed and subject to self-employment tax, I.R.C. §1402, Treas. Reg. §§1.1402(c)-5, 1.1402(e). He could procure exemption from the self-employment tax only by timely filing his application, Form 4361, Treas. Reg. §1.1402(c)-5(a)(2). Under the terms of §1402(e) (2)(B) plaintiffs exemption had to be filed by "the due date of the return (including any extensions thereof) for [the] second taxable year after 1967.” In other words, by April 15, 1970. This he did not do.
It appears plaintiff was caught in the middle of a change in the law. Prior to 1967, ordained ministers were automatically excluded from Social Security coverage and from the self-employment tax; ministers could elect to opt into the Social Security system as self-employed if they wished. After 1967 the law was different because Congress had been informed that "many clergymen, who can never become covered under the social security program * * * now wish to become covered.” Pub. L. No. 90-248, 81 Stat. 821; S.Rep. No. 744, 90th Cong., 1st Sess. 2, U.S. Code Cong. & Ad. News 2834 at 2887-88. After the changes of 1967 "all clergymen would be covered under Social Security, under the self-employment provisions,” id., except if they chose to opt out by obtaining a section 1402(e) exemption within the specified time. The Senate Finance Committee, reporting on this change, observed:
*695 Clergymen who are in the ministry in 1968 or before and who have not elected coverage under the present provisions of law would have until April 15, 1970 in which to obtain exclusion from coverage on the basis of conscience or religious principle; clergymen first entering the ministry in 1969 or later would have until the due date of the tax return for their second year in the ministry in which to obtain exclusion. Id. at 2888. [Emphasis supplied.]
The Conference Committee accepted the Senate version of the bill, and it became the present law. As this arrangement is reflected in the current regulations, it is explained as follows by Treas. Reg. § 1.1402(c)-5(a)(2):
(2) Taxable years ending after 1967. For any taxable year ending after 1967, a duly ordained, commissioned, or licensed minister of a church or a member of a religious order (other than a member of a religious order who has taken a vow of poverty as a member of such order) is engaged in carrying on a trade or business with respect to the service performed by him in the exercise of his ministry or in the exercise of duties required by such order unless an exemption under section 1402(e) (see §§ 1.1402(e)-lA through 1.1402(e)-4A) is effective with respect to such individual for the taxable year during which the service is performed.
Thus, after the law’s change plaintiff had approximately two years, until April 15,1970, to file for his exemption. He did not and his application in 1976 was unjustifiably late.
When the above sequence is considered with the advice plaintiff received from Social Security personnel it is evident that while perhaps plaintiff received incorrect advice, the incorrect advice did not directly relate to liability for the self-employment taxes plaintiff now seeks to recover and in no way excused plaintiffs failure to file his exemption application in a timely fashion. Plaintiff was ordained in 1964 and began the performance of service in the exercise of his ministry. Upon inquiry to the Social Security office in 1964 he was allegedly told that since he was not self-employed he should continue to pay Social Security tax. This advice, if in fact given, was thoroughly incorrect for under section 3121(b)(8)(A) the minister and the church were excluded from F.I.C.A.; under the self- *696 employment provisions, prior to 1967, the minister was excluded from self-employment tax unless he had elected coverage. In 1967, as explained above, the law was changed in a manner the 1964 advice could not have anticipated, and plaintiff, as an ordained minister, had until April 15, 1970, within which to file for his exemption from self-employment tax. Of course, this court must impute knowledge of the law’s change to plaintiff, Federal Crop Insurance Corp. v. Merrill, 332 U.S. 380 (1947).
It was not until the fall of 1972 that plaintiff, through his wife, again inquired about his Social Security tax situation. Plaintiff asserts he was told it was too late for him to file for an exemption because "I should have claimed exemption within two years after my ordination in 1964.” This advice, again if given, was right as to result because indeed it was too late for plaintiff to file for his exemption, but he should have and could have filed no later than April 15, 1970. The statement, if made, that it was necessary for him to file within two years after his ordination, was incorrect as applied to plaintiff for plaintiff fell within (B) provision of section 1402(e)(2), not the (A) provision. To the degree it was incorrect, the inaccuracy was immaterial because by 1972 it was already too late for plaintiff to file for his exemption. From 1972 to 1974 plaintiff paid $1,887.74 in self-employment taxes he now seeks to recover.
In view of the foregoing, the rejection of plaintiffs exemption application filed January 12, 1976, was correct. The self-employment tax is of course to create a fund for plaintiffs care in old age and sickness; his limited right to opt out was more than most citizens have; and it is to be hoped that in the end he will benefit from his uninformed or misinformed failure to exercise his option in timely fashion.
it is therefore ordered that plaintiffs motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and the petition is dismissed.
Plaintiffs motion for reconsideration was denied May 25, 1979.