CHARLES VIRGIL BOONE AND MARY S. BOONE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Boone v. Commissioner
Docket No. 5244-80.
United States Tax Court
T.C. Memo 1982-345; 1982 Tax Ct. Memo LEXIS 402; 44 T.C.M. (CCH) 176; T.C.M. (RIA) 82345; June 21, 1982. *402 Petitioner has been an independent Baptist minister since 1954. Petitioner, other than during the early years of his ministry, had self-employment earnings derived from his services rendered as a minister in excess of $400 per year. In 1977, petitioner filed a Form 4361 (Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners). Held: Petitioner is not entitled to an exemption from the tax on self-employment income provided by section 1402(b) since he failed to file an application for exemption (Form 4361) within the time prescribed by section 1402(e)(2). Charles V. Boone, pro se. Stephen M. Friedberg, for the respondent. IRWIN
*403 MEMORANDUM FINDINGS OF FACT AND OPINION IRWIN, Judge: Respondent determined deficiencies in petitioners' Federal income taxes for the years 1977 and 1978 in the amounts of $679.30 and $677.16, respectively. The issue presented for decision is whether petitioner Charles Virgil Boone, [1] an independent Baptist minister, is liable for self-employment tax pursuant to sections 1401 and 1402. [2]
*404 FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by this reference. Petitioner was a resident of Newport News, Virginia, at the time the petition was filed in this case. He filed Federal income tax returns for years 1977 and 1978 with the Internal Revenue Service Center, Memphis, Tennessee. Petitioner has been an independent Baptist minister since 1954. Petitioner, other than during the early years of his ministry, had self-employment earnings derived from his services performed as a minister in excess of $400 per year. In 1977, petitioner filed a Form 4361 (Application for Exemption from Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners). By letter dated May 31, 1978, the Internal Revenue Service informed petitioner that this Form 4361 was disapproved on the ground that it was not timely filed. OPINION Respondent contends that petitioner is not entitled to an exemption from the tax on self-employment income provided by section 1401 since he failed to timely file an application (Form 4361) which *405 could have permitted him, as a minister, exemption from the self-employment tax pursuant to section 1402(e). [3] Petitioner contends the he is not liable for self-employment taxes for several reasons. These reasons are that: (1) he knows other ministers who were granted the exemption provided by section 1402(e) after being ministers in excess of 2 years; (2) it is unfair and discriminatory to disapprove his application for exemption from social security taxes, since there was no ruling or regulation providing a deadline for filing an application when he became a minister; and (3) the deficiency proposed violates his religious rights and convictions. *406 To qualify for exemption from self-employment taxes with respect to his income received from services rendered as a minister under section 1402(e)(1), a minister must timely file an application pursuant to section 1402(e)(2). [4] In the instant case, petitioner, if he desired the benefit of the exemption provided by section 1402(e)(1), was required to file his application by the later of (1) the due date of his return (including any extensions) for the second taxable year ending after 1967 or (2) the due date of the return for the second taxable year (including any extensions) for which he had net earnings from self-employment of $400 or more, any part of which was derived from the performance of services in the exercise of his ministry. Petitioner failed to file his application within the time limits prescribed by section 1402(e)(2). [5]
*407 Petitioner, who represented himself at trial, testified that a court had ruled that at least one minister, whom he knows, was entitled to an exemption from self-employment tax although he had filed an application (Form 4361) after the time prescribed by section 1402(e)(2) had expired. The Court suggested to petitioner that he submit a brief containing the citation of that case and any other cases supporting his position. Consequently, petitioner has indicated, in his brief, that a Form 4361, filed on June 10, 1974, by Rev. James H. Pruitt, whose case was docketed in Knoxville, Tenn., was approved on July 26, 1974. The only case that we have been able to find, involving imposition of self-employment taxes, to which James H. Pruitt was a party was a small tax case (docket No. 5574-73S), in which a stipulated decision was entered by this Court on June 3, 1974. Thus, in fact, this Court did not hold in favor of Reverend Pruitt's position in his case. Rather, a settlement agreement was reached by the parties to that dispute. Respondent's decision to settle the Pruitt case might have been the result of factors not present here. Cf. Estate of Nail v. Commissioner,59 T.C. 187, 191 (1972). *408 Moreover, had this Court rendered an opinion in the Pruitt case, the decision would have no precedential effect here since the proceedings would have been conducted under section 7463. Section 7463(b). Petitioner has cited no other cases in support of his position and we have found none. As petitioner asserts, there were no regulations or rulings providing a deadline for filing an application for exemption from self-employment taxes when he became a minister in 1954. Prior to 1968, an ordained minister was excluded from Social Security coverage and from the self-employment tax, unless he filed an application to be covered by the social security system. The Social Security Amendments of 1967, Pub. L. 90-248, 81 Stat. 821, 839 changed the law to provide that ministers would be covered by the social security program and subject to the self-employment tax, unless they filed an application for exemption within the time limits prescribed by section 1402(e). Thus, petitioner mistakenly relies upon law which is no longer applicable. After the change in the law, petitioner had until at least April 15, 1970, to file an application for exemption from the social security system. This *409 he failed to do. Arguments similar to petitioner's assertion previously have been considered and rejected by this Court in cases involving other taxpayers who had become ministers prior to the law's change. [6]
Petitioner opposes the payment of social security taxes on religious grounds. Although petitioner has no religious scruples against the payment of income taxes, he is religiously opposed to any form of retirement and old age insurance. In United States v. Lee, 455 U.S.     ( February 23, 1982, 49 AFTR2d 82-802, 82-1 USTC Par. 9205) (holding that accommodating the taxpayer's religious beliefs, where Congress had not explicitly done so, would unduly interfere with the governmental interest in a comprehensive insurance system), the Supreme Court stated: Because the broad public interest in maintaining a sound tax system is of such a high order, religious belief in conflict with the payment of taxes affords no basis for resisting *410 the tax. We are aware that petitioner is very sincere in his views respecting the disputed tax but we are compelled to sustain respondent's determination. Decision will be entered for the respondent.
Footnotes
1. Inasmuch as Mary S. Boone is a party to this proceeding solely because she filed a joint return with her husband, for convenience we will hereinafter refer to Charles Virgil Boone as the petitioner. ↩
2. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue.↩
3. (e) Ministers, Members of Religious Orders, and Christian Science Practitioners.-- (1) Exemption.--Any individual who is (A) a duly ordained, commissioned, or licensed minister of a church or a member of a religious order (other than a member of a religious order who has taken a vow of poverty as a member of such order) or (B) a Christian Science practitioner, upon filing an application (in such form and manner, and with such official, as may be prescribed by regulations made under this chapter) together with a statement that either he is conscientiously opposed to, or because of religious principles he is opposed to, the acceptance (with respect to services performed by him as such minister, member, or practitioner) of any public insurance which makes payments in the event of death, disability, old age, or retirement or makes payments toward the cost of, or provides services for, medical care (including the benefits of any insurance system established by the Social Security Act), shall receive an exemption from the tax imposed by this chapter with respect to services performed by him as such minister, member, or practitioner. Notwithstanding the preceding sentence, an exemption may not be granted to an individual under this subsection if he had filed an effective waiver certificate under this section as it was in effect before its amendment in 1967. (2) Time for filing application.--Any individual who desires to file an application pursuant to paragraph (1) must file such application on or before whichever of the following dates is later: (A) the due date of the return (including any extension thereof) for the second taxalbe year for which he has net earnings from self-employment (computed without regard to subsections (c)(4) and (c)(5)) of $400 or more, any part of which was derived from the performance of service described in subsection (c)(4) or (c)(5); or (B) the due date of the return (including any extension thereof) for his second taxable year ending after 1967.↩
4. Hess v. Commissioner,T.C. Memo. 1980-187; Engstrom v. Commissioner,T.C. Memo. 1980-41↩. 5. Petitioner bears the burden of proving that the due date of the return for the second taxable year for which he had net earnings of $400 or more, derived from his ministry, was later than the date on which he filed his application. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.↩ Petitioner introduced no evidence to support such a conclusion, nor has he claimed that the application was timely filed.
6. See Allinson v. Commissioner,T.C. Memo. 1979-405; McLanahan v. Commissioner,T.C. Memo. 1979-373. See also Rev. Williams v. United States,219 Ct. Cl. 692↩ (1979).